IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHRISTINE BROWN                                                               PLAINTIFF

V.                                         NO. 14-3080

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Christine Brown, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.      Procedural Background:**

Plaintiff filed her current applications for DIB and SSI on March 2, 2012, alleging an inability to work since November 23, 2010, due to bipolar disorder, diabetes, fibromyalgia, neuropathy, and her right shoulder. (Tr. 88-94, 95, 128). An administrative hearing was held on July 25, 2013, at which Plaintiff appeared with counsel, and she and her husband testified. (Tr. 1523-1564).

By written decision dated October 15, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – diabetes mellitus, heart disease and hypertension, asthma, obesity, personality disorder, mood disorder, fibromyalgia, and residuals of shoulder replacement. (Tr. 17).  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> Perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except occasional postural activities, no overhead reaching with non-dominant upper extremity, avoid exposure to pulmonary irritants, unskilled with only incidental contact with co-workers, supervisor, or the public.

(Tr. 19).  With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would not be able to perform her past relevant work, but that there were other jobs Plaintiff would be able to perform, such as small products assembler, small production machine operator, and small products inspector. (Tr. 22-23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional information, and denied that request on July 2, 2014. (Tr. 3-7). Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

3

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following issues in this matter: 1) The ALJ failed to perform a proper credibility determination; and 2) The ALJ's RFC determination failed to properly consider the vocational impact of Plaintiff's mental impairments. (Doc. 10).

#### A.     Credibility Analysis:

Plaintiff argues that the ALJ simply made the boilerplate statement that he must make a credibility determination, and that was essentially the entire extent of it. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them,

4

an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ first stated that when statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by the objective medical evidence, he must "make a finding on the credibility of the statements based on a consideration of the entire case record." (Tr. 20). In addition, the ALJ concluded in his decision that after careful consideration of the evidence, Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible for the reasons explained in his decision. (Tr. 20). The ALJ discussed Plaintiff's daily activities, noting that she had mild restriction in those activities. (Tr. 18). He observed that Plaintiff was able to maintain her household, do chores such as washing dishes, sweeping, vacuuming, doing laundry, preparing meals, taking care of her small child, driving a car, shopping for groceries, and handling her bank accounts. (Tr. 18). In addition, during the relevant time period, Plaintiff smoked up to one pack of cigarettes daily (Tr. 587, 791), received manicures every other week for a period of time (Tr. 574, 581), went fishing on occasion (Tr. 571), birthday shopped for her daughter (Tr. 563), got her nose pierced (Tr. 559), walked with her daughter and had dinner over at her neighbors (Tr. 505), went for walks when she was bored (Tr. 468), went to church regularly (Tr. 120), and went to Dollar Tree and bought necklaces (Tr. 1331).

5

The ALJ also recognized Plaintiff's pain, noting that Plaintiff had been treated for diabetes mellitus, heart disease and hypertension, asthma, obesity, personality disorder, mood disorder, fibromyalgia, and frozen shoulder, which required shoulder replacement. He noted that Plaintiff had been followed at the various clinics, was seen by specialists, and did well post operatively from her shoulder replacement. (Tr. 20).  The ALJ also discussed the opinion of non-examining consultant, Dr. Shannon Brownfield, the mental evaluation of Nancy Bunting, Ph.D., and the psychological examination by Vann Smith, Ph.D. (Tr. 20). The ALJ gave good reason for discounting Dr. Smith's opinion, and found the other opinions supported his RFC.

The Court also notes that Plaintiff continued to smoke cigarettes after it was recommended that she quit, and in spite of the fact that she had asthma.  Plaintiff was also not always compliant with her medications, citing financial difficulties and being unable to afford the medication. However, Plaintiff was somehow able to afford cigarettes and manicures. "Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits."  Brown v. Barnhart 390 F.3d  535, 540-541 (8th Cir. 2004)(citations omitted).  It is noteworthy that Janice Fry, LAC, one of Plaintiff's counselors at Families, Inc., reported that "Client is smoking quite heavily, despite financial problems and being barely able to pay necessary bills and buy essentials such as toilet paper, shampoo and laundry soap. Client verbalized there was not enough money for gas." (Tr. 517).

In her evaluation, Dr. Bunting noted that although Plaintiff's presenting complaint was that she had lost jobs because of her temper and walking off, such was not the case with the 2004 job, her last job, or her longest job that ended in 1995. (Tr. 779).

6

The Court also notes that on August 2, 2013, Plaintiff reported that her husband would be mad at her if she found a job, because he wanted her to wait for her disability. (Tr. 1152). Plaintiff said she would lose all her food stamps if she did get disability, so she would not be any better than before. (Tr. 1152).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility findings.

### B.     RFC Determination:

Plaintiff argues that the ALJ made no correlation between the findings and statements in the medical records that support his conclusions. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the

7

record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

As stated earlier, the ALJ found that Plaintiff had the RFC to perform sedentary work with certain postural and environmental restrictions, and could do no overhead reaching with her non-dominant upper extremity. (Tr. 19). In making this determination, the ALJ considered the objective medical evidence, including the opinions of Plaintiff's treating and non-treating physicians. The ALJ found that his RFC was supported by Dr. Brownfield's assessment, the longitudinal medical records, and the state agency physicians who concluded she could perform the full range of light work except for reaching. The ALJ also considered the opinion of Dr. Vann Smith, but discounted his opinion and gave several appropriate reasons for discounting his opinion. (Tr. 21).

The ALJ also correctly analyzed Plaintiff's mental impairments. He found she had mild restriction in activities of daily living, moderate difficulties in social functioning, moderate difficulties with regard to concentration, persistence or pace, and no episodes of decompensation, which have been of extended duration. (Tr. 18-19). In addition, the ALJ limited Plaintiff to unskilled work with only incidental contact with the co-worker's supervisors, or the general public.

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's RFC determination.

### C.     Hypothetical Question:

At the hearing, the ALJ presented the following hypothetical question to the VE:

8

>Q: Mr. Spragins, I'd like you to assume a hypothetical person, younger individual, high school education, cannot return to any past relevant work no transferable skills. In the first hypothetical the person can do sedentary work as defined by the regulation, occasional climb, balance, crawl, kneel, stoop, crouch. Cannot do overhead work with the non-dominant upper extremity, must avoid concentrated exposure to pulmonary irritants. Can perform simple, routine, repetitive tasks in a setting where interpersonal contact is incidental to the work performed. Can work under supervision that is simple, direct, and concrete. And my question is, would there be work in the economy this person could do?
>
>A: Okay, make sure. Sedentary, no overhead with non-dominant, and avoid concentrated exposure to pulmonary.
>
>Q: Pulmonary. And also can occasional all the postural.
>
>A: Yes.
>
>Q: And then unskilled with incidental contact.
>
>A: …Person – those limitations could do a small production machine operator…
>
>Individual could be a small product assembler…Individual could be a small product inspector…

(Tr. 1560-1561).

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing the jobs of small products assembler, small production machine operator, and small products inspector. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

9

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 16th day of November, 2015.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE